**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| JONATHAN BARRIS, | : | No. 363 MAL 2021 |
| | : | |
| Respondent | : | |
| | : | Petition for Allowance of Appeal |
| | : | from the Order of the |
| v. | : | Commonwealth Court |
| | : | |
| | : | |
| STROUD TOWNSHIP, | : | |
| | : | |
| Petitioner | : | |

## ORDER

**PER CURIAM**

**AND NOW**, this 6th day of June, 2022, the Petition for Allowance of Appeal is

**GRANTED**. The issue, as rephrased, is:

> Whether an ordinance that limits target shooting to two non-residential
> zoning districts, and thus does not provide for shooting ranges at all private
> residences, is facially unconstitutional under the Second Amendment to the
> United States Constitution?

In addressing this issue, the parties are directed to discuss in their briefs the

following subsidiary matters: (1) whether this Court should adopt the two-step framework

for addressing Second Amendment challenges utilized by the lower court; (2) whether the

core Second Amendment right to possess firearms for self-defense recognized in *District*

*of Columbia v. Heller*, 554 U.S. 570 (2008), also implies a corresponding right to acquire

and maintain proficiency in their use; (3) whether such a corresponding right, if it exists,

must extend to one's own home; and (4) the level of scrutiny courts should apply when

reviewing enactments that burden individuals' ability to maintain firearms proficiency.

Justice Brobson did not participate in the consideration or decision of this matter.